**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE ETHIOPIAN AIRLINES FLIGHT ET 302 CRASH** | Lead Case No.: 19-cv-02170 |
| ALLESANDRO DEGREGORIO and ELENA DEGREGORIO, Individually and as Special Co-Representatives and Special Co-Administrators of the Estate of HARINA HAFITZ, Deceased, and on behalf of all Surviving Beneficiaries,<br><br>     Plaintiffs,<br><br>     v.<br><br>THE BOEING COMPANY, a Delaware corporation;<br>ROSEMOUNT AREOSPACE, INC., a Delaware corporation;<br>ROCKWELL COLLINS, INC., a Delaware corporation,<br><br>     Defendants. | **SHORT FORM COMPLAINT AND NOTICE OF ADOPTION OF MASTER COMPLAINT**<br><br><br><br><br><br>**DEMAND FOR JURY TRIAL** |

1

Plaintiffs, ALLESANDRO DEGREGORIO and ELENA DEGREGORIO, Individually and as Special Co-Representatives and Special Co-Administrators of the Estate of HARINA HAFITZ, Deceased, and on behalf of all Surviving Beneficiaries, complain of the defendants, and each of them, as follows:

1.      Plaintiffs refer to and incorporate herein by reference the Master Complaint, and any and all later amendments thereto, filed in IN RE ETHIOPIAN AIRLINES FLIGHT ET 302 CRASH, as though fully set forth herein. Plaintiffs hereby adopt the Master Complaint and agree to be bound by any rulings with respect to the pleadings of the Master Complaint.

2.      Plaintiffs adopt each of the general allegations of the Master Complaint except for those paragraph numbers set forth here, if any:  N/A

## CLAIMS AGAINST DEFENDANTS

3.      Plaintiffs bring those Counts, as applicable, against each of the Defendants in the Master Complaint checked below:

☒      THE BOEING COMPANY

☒      ROSEMOUNT AEROSPACE, INC.

☒      ROCKWELL COLLINS, INC.

4.      Plaintiffs incorporate by reference each of the Counts in the Master Complaint checked below:

As against *THE BOEING COMPANY:*

☒      Count One for Negligence

☒      Count Two for Breach of Warranty

☒      Count Three for Strict Liability

☒      Count Four for Failure to Warn

As against *ROSEMOUNT AEROSPACE, INC.:*

☒      Count Five for Negligence

☒      Count Six for Strict Liability

☒      Count Seven for Breach of Warranty

2

*As against ROCKWELL COLLINS, INC.:*

☒      Count Eight for Negligence

☒      Count Nine for Strict Liability

☒      Count Ten for Breach of Warranty

## PLAINTIFFS' INFORMATION:

4.      Decedent, HARINA HAFITZ, was an individual who was killed in the crash of Ethiopian Airlines Flight ET 302 on March 10, 2019.

5.      The following Plaintiffs are heirs, beneficiaries, and/or next of kin of Decedent, or other persons entitled to bring an action for the wrongful death of Decedent, and bring the causes of action alleged herein:

     ALESSANDRO DEGREGORIO and ELENA DEGREGORIO, children of the Decedent and Special Co-Administrators of the Decedent's Estate entitled to bring wrongful death claims on behalf of all surviving beneficiaries.

6.      Plaintiffs are residents of Italy. Plaintiffs' decedent was a resident of Italy.

7.      Decedent's Estate is represented in the following capacity:

☒      ALLESANDRO DEGREGORIO and ELENA DEGREGORIO are the Special Co-Representatives of the Estate of Decedent and are authorized to bring an action on behalf of the Decedent's estate. Plaintiffs were appointed as the Decedent's Co-Representatives on August 26, 2020.

☐      Other (please describe):

## PLAINTIFFS' DAMAGES:

8.      Plaintiffs request the relief checked below:

     All past and future general and compensatory damages in an amount according to proof at trial, including the following:

☒      For Decedent's conscious and physical pain and suffering, fright and terror, fear of impending and imminent death, mental anguish, and emotional distress, in an amount according to proof at trial.

☒      For past and future loss of support and services in money or in kind, in an amount according to proof at trial.

☒      For past and future loss of consortium, love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, advice, tutelage, and guidance, in an amount according to proof at trial.

☒      For past and future grief, emotional distress, and sorrow, in an amount according to proof at trial.

☒      For funeral expenses, burial expenses, estate administration expenses, and other related expenses in an amount according to proof at trial.

☒      For expenses for the identification and/or transportation of Decedent's remains, according to proof at trial.

☒      For all property losses, in an amount according to proof at trial.

☒      For attorneys' fees, costs and other damages as permitted under applicable laws.

☒      For punitive and exemplary damages in an amount according to proof at trial;

☒      For pre- and post-judgment interest on all damages as allowed by the law.

☒      For all costs of suit incurred herein.

☒      For such other and further relief as the Court shall deem just and proper.

☐      Other (specify):

## ADDITIONAL ALLEGATIONS, IF ANY

9.     HARINA HAFITZ was born on June 25, 1959 in Jakarta, Indonesia and died in the crash of ET302 at the age of 59. Harina was a resident of Formello, Italy, and is survived by her partner, Edoardo DeGregorio, their son, Alessandro DeGregorio, their daughter, Elena DeGregorio.  She is also survived by her siblings, Hari Lutfi Hafitz, Harif Andi Hafitz, and Harlinda Putri Hafitz.  Harina and Edoardo met in Indonesia and settled in Rome in 1999, where Harina accepted a position in the finance division of the United Nations' World Food Program (WFP).  At the time of the crash, Harina was traveling to Nairobi with a colleague from the WFP to deliver training for a financial program that they had helped to devise.

4

Harina was described by loved ones as talented, adventurous, flamboyant, charming, and a matriarch to the Indonesian WFP community. She loved to cook and organize social events with her colleagues. Harina supported her family financially and emotionally. Harina's family has suffered a terrible loss, compounded by the circumstances of the crash and how easily the defendants could have prevented it from occurring.

The manner in which Harina died is particularly distressing for surviving family due to the terrifying nature of her final moments. Shortly after take-off, the aircraft began making noticeably unusual, alarming and uncomfortable movements in response to the erroneous AOA sensor and MCAS activations. During the last several minutes before ET-302 crashed, Harina experienced violent oscillations of the aircraft, which resulted in her fear of impending death, as well as physical and mental pre-death pain and suffering. Ultimately, Harina was exposed to extreme forces as the aircraft dove down towards the ground at speeds approaching 600 miles per hour during which time Harina surely knew she was about to die.

### DEMAND FOR JURY TRIAL

PLAINTIFFS hereby demand a trial by jury as to all claims in this action.

Dated: Chicago, Illinois
       September 15, 2020

                        _/s/ Todd A. Smith_
                        One of the Attorneys for the Plaintiff

                        Todd A. Smith
                        Brian LaCien
                        Smith LaCien, LLP
                        70 West Madison, Suite 5770
                        Chicago, IL 60602
                        T: 312-509-8900
                        F: 312-210-9358
                        Email: tsmith@smithlacien.com
                        Email: blacien@smithlacien.com

5

KREINDLER & KREINDLER LLP

Justin T. Green,
Anthony Tarricone
Brian J. Alexander
Daniel O. Rose
Megan W. Benett
Andrew J. Maloney, III
Vincent C. Lesch
Kevin J. Mahoney
Erin R. Applebaum
750 Third Avenue
New York, NY 10017
Tel: 212-687-8181
Email: jgreen@kreindler.com
Email: atarricone@kreindler.com
Email: balexander@kreindler.com
Email: drose@kreindler.com
Email: mbenett@kreindler.com
Email: amaloney@kreindler.com
Email: vlesch@kreindler.com
Email: kmahoney@kreindler.com
Email: applebaum@kreindler.com